IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**YILI TSENG,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:08cv91-SPM/WCS**

**FLORIDA A&M UNIVERSITY,**
**and the FLORIDA A&M UNIVERSITY**
**BOARD OF TRUSTEES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted a document, doc. 15, on September 2, 2008, which was construed as a motion to amend the complaint to request punitive damages.  Doc. 18.  The motion was granted to the extent that the amendment was permitted.  *Id.*  Defendant then filed a motion to dismiss the amendment, arguing punitive damages may not be obtained from a State entity.  Doc. 19.  Plaintiff has filed a response to the motion, doc. 27.

The issue here is simple.  Plaintiff is suing his former employer under Title VII of the Civil Rights Act for failing to hire Plaintiff into a tenure track position.  Plaintiff alleges discrimination based on Plaintiff's national origin; Plaintiff is a citizen of Taiwan.  Doc. 1. The Defendants are Florida A & M University and the Board of Trustees for the

University.  *Id.*  After filing the complaint, Plaintiff sought to amend the complaint to add a request for punitive damages as part of the request for relief.  Doc. 15.

Defendants argue that 42 U.S.C. § 1981a(b)(1) specifically permits a complaining party to "recover punitive damages" from a defendant, so long as the Defendant is an entity "other than a government, government agency or political subdivision."  Doc. 19, p. 2.  Plaintiff does not dispute that statutory language, but argues that the Defendants are an "educational organization and a governing unit of an education organization respectively."  Doc. 27, p. 1.  Plaintiff contends Defendants are not governmental agencies as § 1981a does not provide definitions.  *Id.*

Title VII provides that it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin."  42 U.S.C.A. § 2000e-2(a).  Title VII was amended in 1991 and the remedies available to a plaintiff were expanded.  Section 1981a provides for the right of recovery in a Title VII action brought under 42 U.S.C. §§ 2000e-5 or 2000e-16:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981(b)(1).

The sole dispute is whether Defendants are state agencies.  Defendant is correct.  *See* Bryant v. Locklear, 947 F.Supp. 915, 916 (E.D.N.C. 1996) (dismissing punitive damage claims against North Carolina State University); Boles v. Gibbons, 694 F.Supp. 849, 850 (M.D.Fla. 1998) (finding the University of South Florida is state

agency protected by Eleventh Amendment immunity). Indeed, State Universities are protected by the Eleventh Amendment because they are state agencies. *See* Kimel v. Florida Board of Regents, 528 U.S. 62, 92, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); Kashani v. Purdue University, 813 F.2d 843 (7th Cir. 1987).

Florida A & M University and its Board of Trustees is not simply an educational organization. These Defendants are state agencies as provided for by state law. FLA. STAT. § 1001.72(1)(a)4[1] and FLA. STAT. § 1001.705(1)(a)4. Because punitive damages cannot be obtained from a state agency pursuant to 42 U.S.C. § 1981(b)(1), the motion to dismiss, doc. 19, Plaintiff's amendment, doc. 15, to the complaint, doc. 1, should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 19, be **GRANTED**, and Plaintiff's amendment to the complaint, doc. 15, be **DISMISSED** from this action because punitive damages may not be obtained from state agencies, and the case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The statute provides, in relevant part, the following definition: " 'State university' or 'state universities' as used in the State Constitution and the Florida Statutes are agencies of the state which belong to and are part of the executive branch of state government." FLA. STAT. § 1001.72(1)(a)4.

Case No. 4:08cv91-SPM/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.