# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

YILI TSENG,

    Plaintiff,

vs.                                                      CASE NO. 4:08-CV-91-SPM-WCS

FLORIDA A & M UNIVERSITY and
FLORIDA A & M UNIVERSITY BOARD
OF TRUSTEES,

    Defendants.

_____/

## ORDER ADOPTING SECOND REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Second Report and Recommendation (doc. 73), which recommends that Defendants' Motion for Summary Judgment (doc. 48) be granted. Plaintiff has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff, who is pro se, filed objections (doc. 76). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Plaintiff first objects to the Magistrate Judge's finding that the Defendants' reasons for promoting Hongmei Chi, a national of the People's Republic of China,

in lieu of Plaintiff, a national of the Republic of China (Taiwan), were not pretext for discrimination based on national origin. Doc. 76, p. 2. Plaintiff also asserts that the Magistrate Judge improperly denied discovery regarding the faculty selection processes from years prior to 2006, and should have considered evidence from those years. Doc. 76, p. 15-16. Despite these objections, I find that Plaintiff has failed to raise an issue of material fact. I therefore adopt the Report and Recommendation and grant Defendants' motion for summary judgment.

**I. Pretext**

Plaintiff bears the burden of demonstrating that Defendants' reasons for taking adverse action against Plaintiff were pretextual. Combs v. Plantation Patterns, 106 F.3d 1519, 1527 (11th Cir. 1997). The Court must examine all the evidence to determine "whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct." Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008) (quoting Combs, 106 F.3d at 1538). To carry this burden, Plaintiff must demonstrate "*both* that [Defendants'] reason was false, *and* that discrimination was the real reason." Brooks v. County Commission, 446 F.3d 1160, 1163 (11th Cir. 2006) (emphasis added) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)).

Here, Defendants have asserted two reasons for hiring Hongmei Chi: (1) that Chi's communication skills were superior to Plaintiffs, and (2) that Chi collaborated with fellow faculty members more than Plaintiff. Thus, Plaintiff must produce sufficient evidence to permit reasonable factfinder to conclude *both* that neither of these reasons was the real reason Defendants chose Chi over Plaintiff, *and* that discrimination based on national origin was the real reason.

### A. Communication

Defendants have asserted that they made the employment decision in question because Chi's communication skills were superior to Plaintiff's. Plaintiff argues that this reason was pretextual, and that the real reason was discrimination based on Plaintiff's national origin.

As the Magistrate Judge observed, Plaintiff cannot prove pretext "merely by questioning the wisdom of [Defendants'] reasons, at least not where . . . the reason is one that might motivate a reasonable employer." Brooks, 446 F.3d at 1163, quoting Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000); see also Elrod v. Sears, Roebuck, and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) ("Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions.") (citation omitted). Instead, Plaintiff must demonstrate that his superior qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate

selected over the plaintiff for the job in question." Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004) (quoting Lee v. GTE Fla., Inc., 226 F.3d 1249, 1254 (11th Cir. 2000)).

The Magistrate Judge correctly determined that, because Plaintiff was a teacher, consideration of the candidates' communication skills was proper. Plaintiff has acknowledged that there was no great disparity between Plaintiff's English and Chi's English: "I believe, okay, her written English, okay is worse than mine, *but spoken English, it depends on who is there listening*. . . . I do not know if they are used, okay, to the accent of Dr. Chi. So I really cannot comment on that part." Doc 48-4, p. 163 (emphasis added). Because Plaintiff has failed to produce evidence that his qualifications were sufficiently superior to Chi's, Plaintiff has not demonstrated that this proffered reason was false.

Furthermore, Plaintiff has not produced sufficient evidence for a reasonable factfinder to determine that the real reason for Defendants' decision was discrimination based on national origin. While it is true that, under certain circumstances, an employer's criticism of an employee's accent can constitute discrimination, Plaintiff has failed to show that such circumstances are present here. As the Magistrate Judge observed, "there is no evidence that any person made fun of Plaintiff's speech, mocked his manner of speaking, or used offensive language

concerning his speech, accent, or nationality." Doc. 73, p. 29.[1]

Any evidence that could be interpreted as a failure to follow Defendants' internal procedures is also insufficient to establish discriminatory intent. See Springer v. Convergys Customer Mgmt. Group, Inc., 509 F.3d 1344, 1350 (11th Cir. 2007) ("The mere fact that an employer failed to follow its own internal *procedures* does not necessarily suggest that the employer was motivated by illegal discriminatory intent or that the substantive reasons given by the employer for its employment decision were pretextual.") (internal citation omitted). Thus, even if Plaintiff had produced evidence that the Defendants' decision to promote Chi instead of Plaintiff was not based on the reasons given, Plaintiff's claim still fails for lack of evidence demonstrating the real reason was discriminatory.

## B. Collaboration

Defendants have also asserted that the decision to promote Chi instead of Plaintiff was based on Chi's more extensive collaboration with fellow faculty members. Plaintiff claims that this proffered reason is also mere pretext, particularly in light of Defendants' failure to publish this criterion prior to the selection process.

However, Plaintiff has failed to demonstrate that collaboration with fellow faculty members was not an appropriate criterion to be considered by the

---

[1] It is also worth noting that English is a second language for Chi, the Chinese national selected in Plaintiff's stead.

committee. Nor does the fact that this criterion was not specifically stated make the committee's consideration of it discriminatory. See Lee v. GTE Florida, Inc., 226 F.3d 1249, 1255 n.2 (11th Cir. 2000) ("[T]he promotion decision is a dynamic one, and the relative importance placed on various selection criteria cannot be expected to remain fixed and unyielding.") (citation omitted); Chapman v. AI Transport, 229 F.3d 1012, 1033-34 (11th Cir. 2000) (recognizing the propriety of considering subjective criteria, such as attitude, articulateness, enthusiasm, and appearance).

In light of Plaintiff's admissions (a) that he did not collaborate with other faculty members (doc. 48-4, p. 99), and (b) that Chi did in fact collaborate with other faculty members (doc. 48-4, p. 161), Plaintiff's remaining objections on this subject are invalid. Again, Plaintiff has failed to demonstrate that this proffered reason was false, or that Defendants' real reason for selecting Chi over Plaintiff was discriminatory.

## II. Discovery

Plaintiff argues that the court should have allowed discovery regarding the selection processes in years prior to 2006, and also should have considered evidence from those prior years. Doc. 76, p. 14. However, the Magistrate Judge properly determined that only the 2006 selection process is at issue (doc. 73, p. 2, 8), and Plaintiff acknowledges as much in his objections (doc. 76, p. 14).

In the Order dated December 3, 2008 (doc. 43), the Magistrate Judge denied

Plaintiff's Motion to Compel (doc. 37). The motion was denied because the information sought was outside the scope of the EEOC charge, were not "reasonably related" to the allegations in the EEOC charge, and were irrelevant to the 2006 selection process. Doc 43, p. 4-7. Plaintiff did not challenge this order.

Plaintiff is attempting to avoid summary judgment by seeking a continuance or stay in order to conduct additional discovery. In order to do so, Plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, [Defendants'] contentions." Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) (citation omitted).

Plaintiff has engaged in extensive discovery regarding the 2006 selection process, and has failed to produce any evidence that in any way links Defendants' employment decision to any consideration of Plaintiff's national origin. Even if the Magistrate Judge unduly limited discovery to 2006 (which Plaintiff admits is the only year at issue in this suit), Plaintiff has not shown that additional discovery would produce any evidence that would rebut Defendants' motion for summary judgment. Furthermore, Plaintiff did not serve and file objections to the Magistrate Judge's Order within 10 days, and is therefore not entitled to now assert that the Order was erroneous. See Fed. R. Civ. P. 72(a).

### III. Conclusion

Plaintiff has not produced sufficient evidence to create a genuine issue of material fact regarding the veracity of Defendants' stated reasons for promoting Chi instead of Plaintiff. Nor has Plaintiff produced any evidence that his national origin was the real reason Defendants chose to promote Chi instead of Plaintiff. Viewing all of the evidence in a light most favorable to Plaintiff, a reasonable factfinder could not conclude that Defendants' decision to promote Chi instead of Plaintiff was discriminatory.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 73) is *adopted* and incorporated by reference into this order.
2. The Defendant's Motion for Summary Judgment (doc. 48) is *granted*.

DONE AND ORDERED this <u>thirtieth</u> day of September, 2009.

          *s/ Stephan P. Mickle*
          Stephan P. Mickle
          Chief United States District Judge